Robert McKERRON, Plaintiff,

v.

Anthony J. CELEBREZZE, Secretary of
Health, Education and Welfare,
Defendant.

Civ. No. 1078.

United States District Court
D. Montana,
Butte Division.

Dec. 7, 1964.

David L. Holland, Butte, Mont., for
plaintiff.

Moody Brickett, U. S. Atty., Butte,
Mont., for defendant.

MURRAY, Chief Judge.

This action is brought under the provisions of Title 42 U.S.C.A. § 405(g) to review a final decision of the Secretary of Health, Education and Welfare denying plaintiff's application for a period of disability and disability insurance benefits under the Social Security Act, particularly §§ 416(i) and 423(a). The final decision of the Secretary is embodied in the Hearing Examiner's decision dated June 26, 1963, the Appeals Council having denied plaintiff's request for review of the Hearing Examiner's decision.

The present application was filed June 29, 1962, and to be eligible for benefits plaintiff must have established his disability within the meaning of the Act as of on or before September 1, 1962, for disability insurance benefits and on or before September 29, 1962, for a period of disability. As of those dates the plaintiff met the quarters of coverage requirements of the Act.

In his application, the plaintiff listed his impairments as "fractured neck, dis-

located shoulder, emphysema and bad legs due to varicose veins". At the time of the application, the plaintiff was approximately 56 years old. At the hearing it developed that in addition to the impairments listed on the application, the plaintiff also suffers from a vision impairment, one eye being almost totally blind and the vision in the other impaired but corrected to some extent with lens.

Without reviewing the evidence extensively, the court is of the opinion that on the basis of the present record the decision of the Hearing Examiner should stand, but because of the circumstances hereinafter mentioned, the court feels that the case should be remanded to the Secretary pursuant to the provisions of Title 42 U.S.C.A. § 405(g) for further administrative action after the taking of further evidence.

There is evidence in the record showing that the plaintiff suffers from a great variety of physical impairments. According to the record, one of the more serious of these impairments is his varicose veins. In reporting on an examination of the plaintiff, conducted on October 8, 1959, one physician reported that the veins should be ligated and stripped and that they would become worse if treatment was not started. The plaintiff testified that he had made arrangements to have the veins operated, but that the doctors had decided that the operation could not be done. No testimony or report from any doctor is in the record which indicates that the operation on the veins could not be successfully performed. At the hearing plaintiff was represented by Walter E. Coyle, an attorney who was granted 15 days to furnish for the record the report of the physician who had advised plaintiff that his veins could not be successfully operated, and the attorney agreed to obtain and furnish this report.

Also at the hearing the plaintiff testified concerning his defective vision, but there was no medical evidence concerning the plaintiff's vision difficulty.

Again the attorney for the plaintiff was granted 15 days to furnish such evidence and undertook to do so. Neither the additional report concerning the plaintiff's vision or concerning the inadvisability of operating on the varicose veins was ever submitted.

Within a relatively short time after the hearing before the Hearing Examiner, the attorney who represented the plaintiff at the hearing was the subject of a disciplinary proceeding before the Montana Supreme Court, but before it could be heard the attorney was found by a state district court to be disordered in his mind and was ordered committed to the Montana State Hospital at Warm Springs, Montana, until discharged by due process of law. In the Matter of Coyle, Mont., 390 P.2d 209.

Whether the failure to present the additional medical evidence, which the attorney undertook to present, was due to the neglect of the attorney or to the fact that no such evidence was available, or whether the additional evidence would have changed the Hearing Examiner's decision, if presented, this court has no way of knowing. However, in arriving at his decision against plaintiff, the Hearing Examiner was influenced to some extent at least by his belief that the plaintiff's varicose veins were remediable, for he stated: "Moreover, as far as the medical reports show, this condition is remediable and, therefore, not disabling." Under the circumstances the plaintiff should be given the opportunity of presenting the additional evidence in support of his testimony that the doctors had in effect decided that his varicose veins were not remediable.

Furthermore, in discounting the possibility of plaintiff's being disabled as the result of pain in his right shoulder, of which there is abundant evidence in the record, the Hearing Examiner relied, in part at least, on the cases of Theberge v. United States, 2 Cir., 87 F.2d 697, and Adams v. Flemming, 2 Cir., 276 F.2d 901. In Butler v. Flemming, 5 Cir., 288 F.2d 591 at 595, the

Theberge case was disposed of by the following statement:

"If, as suggested in the Government's brief, Hallard v. Fleming, D.C.W.D.Ark.1958, 167 F.Supp. 205, and Judge Learned Hand's statements in Theberge v. United States, 2 Cir., 1937, 87 F.2d 697, 698, concerning a different statute enacted for a different policy in a different era, are to stand for the proposition that pain, no matter how severe, is not disabling unless work does 'more than hurt' so that it 'substantially aggravate(s) his malady,' 87 F.2d at page 698, we regard them as contrary to the standard announced in Booker [Flemming v. Booker, 5 Cir., 283 F.2d 321] and Kerner [Kerner v. Flemming, 2 Cir., 283 F.2d 916] and many others like them. Perhaps it is true that history teaches that 'A man may have to endure discomfort or pain and not be totally disabled; much of the best work of life goes on under such disabilities * * *.' But the purpose of much social security legislation is to ameliorate some of these rigors that life imposes. Congress has in effect stated that if a person is unable except under great pain to engage in any substantial gainful activity in which he might be employable, taking into consideration his age, training, work experience and physical and mental capacities, he shall be deemed to be disabled for the purposes of this Act."

The holding of the Adams case with respect to pain was likewise rejected in Hayes v. Celebrezze, 5 Cir., 311 F.2d 648 at 651, in the following language:

"Supporting this the brief lays stress on the words from Adams v. Flemming, 2 Cir., 1960, 276 F.2d 901, 904, that 'Judicial notice can be taken of the fact that * * *. There are undoubtedly millions of people suffering daily from some infirmity: * * * those whose arthritic and rheumatic symptoms flare up and subside; * * * and those who suffer from various spinal ailments and discomforts.' Responding to a like argument, this Court in Butler v. Flemming, 5 Cir., 1961, 288 F.2d 591, 595, in the plainest of terms rejected as out of keeping with legislation whose ' * * * purpose * * * is to ameliorate some of these rigors that life imposes,' the ideas once expressed by Judge Hand in Theberge v. United States, 2 Cir., 1937, 87 F.2d 697, 698."

See also Blanscet v. Ribicoff, D.C., 201 F.Supp. 257, 261, and Lewis v. Flemming, D.C., 176 F.Supp. 872, 876. This court likewise rejects the Theberge and Adams cases and believes the Butler, Hayes, Lewis and Blanscet cases correctly interpret the spirit and intent of the Social Security Act insofar as pain as a disabling factor is concerned.

Title 42 U.S.C.A. § 405(g) provides in part "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." In view of all of the circumstances in this case, the court believes that this case should be remanded to the Secretary for rehearing. In remanding a case for rehearing the 5th Circuit stated in Hayes v. Celebrezze, supra, 311 F.2d at page 654:

"We do not undertake to blueprint these proceedings on remand. But we think it appropriate to state that all of the present record may be used and the parties are free to, and undoubtedly will, supplement it by additional evidence, oral or written, or both. Likewise, rather than attempting to cast it in terms of whether the prior decision should or should not be sustained, an entirely new decision should be reached on that total record. We intimate nothing as to the result to be reached."

The court feels that this case should be handled in like manner.

Therefore, it is ordered and this does order that this cause be remanded to the Secretary for rehearing pursuant to the provisions of 42 U.S.C.A. § 405.